IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL COLLINS, JR., #B-35214, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-cv-173-JPG |
| | ) |
| DEWIN LEE RYKER, et al., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This action is before the Court on the petition of Samuel Collins, Jr., who seeks a writ of mandamus against various officials and employees of the State of Illinois for alleged deprivations of his constitutional rights. Petitioner is an inmate in the Pontiac Correctional Center, and was at all times relevant to this action incarcerated in the Lawrence Correctional Center. He was convicted of two counts of aggravated criminal sexual assault, and is serving a twelve year sentence on each count.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>  (1) is frivolous, malicious, or fails to state a claim on which relief
>  may be granted; or
>  (2) seeks monetary relief from a defendant who is immune from

such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the petition and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A and shall dismiss this action.

### The Petition

Petitioner filed his petition for mandamus invoking 735 Illinois Compiled Statutes 5/14-101, and asserts that Respondents violated his constitutional rights to due process in their conduct of his disciplinary hearings. Specifically, Petitioner was charged with several conduct violations on March 11 and 12, 2009 (Doc. 1-2, p. 1-4). He was found guilty on each charge, and was punished by a total of six months demotion to C grade, six months in segregation, revocation of three months good conduct credit, a disciplinary transfer to another prison, and audio/visual restrictions. Petitioner complains that the disciplinary hearing committee refused to accept written testimony or his plea of temporary insanity, refused to hear his witnesses, and conducted the hearing in an unfair and biased manner. He requests this Court to compel the Respondents (Lawrence Correctional Center Warden Ryker, and Adjustment Committee members Goins and Nelsen) to expunge the "unlawful" actions of the disciplinary committee from his files, and to hold a new hearing where he can defend himself against the charges. He also seeks monetary compensation for the violation of his constitutional rights.

**Discussion**

Prior to filing the instant petition, Petitioner had filed on March 2, 2010, a "leave to file petition of mandamus" in this Court, styled *Collins v. Ryker*, Case No. 10-cv-169-JPG. This Court dismissed that action with prejudice on September 24, 2010, for failure to state a claim upon which relief may be granted. In that previous action, Petitioner did not describe any specific incidents, charges, or punishments imposed on him, but merely alleged that the "Lawrence Adjustment Committee is unconstitutional because it fails to adhere to Petitioner['s] procedural due process rights" in dealing with his disciplinary charges (Doc. 1, p. 2, in *Collins v. Ryker*, Case No. 10-cv-169-JPG).

It is not possible to discern whether the present action is Petitioner's attempt to renew the claims that were dismissed with prejudice in Case No. 10-cv-169-JPG, because of the lack of specific allegations in that case. Even if the present petition involves entirely new claims, however, a federal mandamus action cannot provide the relief he seeks. Federal courts have no authority to grant mandamus relief against state officials, which is what Petitioner has requested here. *See Robinson v. Illinois*, 752 F. Supp. 248, 248-49 (N.D. Ill. 1990) (citing 28 U.S.C. § 1361, which restricts federal mandamus jurisdiction to actions against "an officer or employee of the United States or any agency thereof") ("Federal courts have no general power to compel action by state officers[.]"). Thus, this Court cannot order Respondents to expunge Petitioner's disciplinary records or to conduct a new hearing in the present action, nor can monetary compensation be ordered.

Had Petitioner filed his claim as a civil rights action under 28 U.S.C. § 1983, he would similarly have failed to state a claim upon which relief might be granted. Prison disciplinary

hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). In addition to complying with the requirements of *Wolff*, the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). To determine whether this standard has been met, courts must determine whether the decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000).

Based on the summaries of Petitioner's disciplinary hearings (Doc. 1-2), the findings of guilt were supported by evidence provided by the correctional officers who reported the infractions. However, Petitioner claims that his right to call witnesses was infringed, which might be a denial of the protections outlined in *Wolff*, if no institutional security concerns were at issue. Yet even if Petitioner was not afforded all the procedural protections in *Wolff*, he still would not have a viable civil rights claim.

Following the United States Supreme Court's ruling in *Sandin v. Conner*, 515 U.S. 472, 484 (1995), which significantly curtailed the scope of colorable due process claims over prison disciplinary actions, the Seventh Circuit has observed that "the right to litigate disciplinary confinements has become vanishingly small." *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). Indeed, "when the entire sanction is confinement in disciplinary segregation for a period

that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.* at 1176.

This Court understands *Sandin* and *Wagner* as holding that even a prisoner's arbitrary confinement in disciplinary segregation does not implicate any liberty interest – under either the Due Process Clause or state law – so long as the confinement itself does not constitute an "atypical, significant deprivation." A particular confinement is "atypical [and] significant" only if the conditions under which the inmate is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner*, 128 F.3d at 1175. Moreover, the demotion to C grade and denial of other privileges do not present viable constitutional claims. *See, e.g., Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to C-grade status and loss of commissary privileges).

In the case currently before the Court, nothing in the complaint or exhibits suggests that the conditions that Petitioner had to endure because of being found guilty of the conduct violations were atypical or significant. Accordingly, Petitioner has failed to allege facts indicating that he was deprived of a liberty interest because of the disciplinary confinement, demotions in grade, and other restrictions, and thus fails to state a claim upon which relief may be granted.

Petitioner has also requested mandamus relief to compel the restoration of his lost good conduct credits that were revoked as a result of the disciplinary infractions. A loss of good conduct credit does implicate a liberty interest because such a loss potentially affects the length of Petitioner's sentence. However, the proper method for challenging the revocation of good time

credit is not a federal mandamus action, but a petition for a writ of habeas corpus, which may be entertained only after Petitioner has exhausted his remedies through the Illinois state courts. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Miller v. Ind. Dep't of Corr.*, 75 F.3d 330, 331 (7th Cir. 1996); *Waletzki v. Keohane*, 13 F.3d 1079, 1080-81 (7th Cir. 1994); *Hanson v. Heckel*, 791 F.2d 93, 96-97 (7th Cir. 1986).[1]

The Illinois courts have recognized a *state* mandamus action as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 Illinois Compiled Statutes 5/14-101, *et seq.*, to consider the merits of Petitioner's claim. Accordingly, this action shall be dismissed without prejudice to Petitioner bringing his claim in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.

**Disposition**

**IT IS HEREBY ORDERED** that the petition for writ of mandamus fails to state a claim upon which relief may be granted. Therefore, this action is **DISMISSED** without prejudice to Petitioner bringing his claim for restoration of good conduct credits in a properly filed habeas

---

[1] This does not mean that this Court is authorized to construe the petition for a writ of mandamus as as a habeas petition brought under 28 U.S.C. § 2254. "[W]hen a suit that should have been prosecuted under the habeas corpus statute is prosecuted as a civil rights suit instead, it should not be 'converted' into a habeas corpus suit and decided on the merits." *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999) (citing *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997)). Instead, the civil rights suit "should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus. The reasons are various, and include the fact that habeas corpus for state prisoners requires exhaustion of state remedies and that prisoners generally are limited to seeking federal habeas corpus only once." *Id*.

corpus action, *after he has exhausted his state court remedies*.

Petitioner is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.* 150 F.3d 810, 811 (7th Cir. 1998); *Smith v. Veterans Admin.*, 636 F.3d 1306, 1313 (10th Cir. 2011); *O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir. 2008); *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998).

Furthermore, because two of Petitioner's previously-filed lawsuits[2] have also been dismissed pursuant to 28 U.S.C. § 1915A, the dismissal of this case gives Petitioner his third "strike." Accordingly, if Petitioner seeks to file any future civil action, he will no longer be eligible to pay a filing fee in installments using the *in forma pauperis* provisions of § 1915(a) and (b), unless he can establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). If Petitioner cannot make the necessary showing of imminent physical danger, he shall be required to pre-pay the full filing fee for any future lawsuit he may file while incarcerated, or face dismissal of the suit.

Finally, Petitioner has neither paid the filing fee for this action, nor filed a motion for leave to proceed *in forma pauperis*. Petitioner's obligation to pay the filing fee was incurred at the time

---

[2] *Collins v. Wilson*, No. 99-cv-756-GPM (S.D. Ill., filed Oct. 5, 1999) (strike 1, dismissed April 20, 2000, pursuant to § 1915A); *Collins v. Ryker*, No. 10-cv-169-JPG (S.D. Ill., filed March 2, 2010) (strike 2, dismissed Sept. 24, 2010, for failure to state a claim upon which relief may be granted).

the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C.

§ 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

DATED:   November 17, 2011

          *s/J. Phil Gilbert*
          **United States District Judge**